Post *v.* Rivers.

PHEBE R. POST, executrix &c.,

*v.*

IRENE F. RIVERS et al.

A testatrix gave the residue of her estate, real and personal, to her sister, "to have and to hold the same in trust for my two children, * * * the interest to be paid to them at least once a year, they to share and share alike," with an unlimited power of sale in the trustees, and a discretionary power to use part or all of the principal for the children's benefit, "but it is my special desire not to have the principal used if it can be saved for my two children."— *Held,* that the children were entitled to the *corpus* of the estate as tenants in common, and that one of them having died after the testatrix, leaving a husband and son surviving, her share of the real estate, upon the death of her son, descended, subject to her husband's curtesy, to those who would have been entitled, under the statute, had the son survived his father.

Bill for construction of will &c.　On final hearing on bill and answer.

*Mr. R. V. Lindabury,* for complainant.

*Mr. A. Zabriskie,* for Irene F. Rivers.

THE CHANCELLOR.

Margaret A. Lannon, late of the county of Middlesex, in this state, by her will, after ordering that her executrix (the complainant) pay her debts and funeral expenses, and erect a suitable stone to mark her grave, gave to her husband a legacy of $250, and then provided as follows:

"I do will and bequeath unto my sister, Phebe R. Post, all my real and personal estate, or the remainder thereof, after paying the above-named bequests, to have and to hold the same in trust for my two children, Irene F. Wilson and Jennet R. Wilson, the interest to be paid to them at least once a year, they to share and share alike, and I do give unto my sister, Phebe R. Post, the same power to deed and convey, and use the said lands and moneys and personal property, wherever it may be found, that I would have if I were

living, for the sole benefit of my two children above named; and if she should see, in her judgment, proper, to use part or all of the principal. But it is my special desire not to have the principal used if it can be saved for my two children above named."

The testatrix died May 10th, 1881. Both of the children survived her. Irene is still living, and Janet died June 20th, 1884. She was the wife of Richard Mack, and left one child, an infant son, which has since died. The father is still living. The estate in the hands of the trustee consists of both real and personal property.

The question propounded is, To whom does the unexpended *corpus* of the trust property go?

The will gives the trust property to the trustee for the benefit of the children, directing that the interest be paid to them in annual payments, at least, and gives the trustee full power to deal with the property for the sole benefit of the children, and to expend upon them part or all of the principal if, in her judgment, it shall be proper to do so; but the testatrix expresses an earnest wish that the principal shall not be used if it can be saved for them. She makes no further or other disposition of the principal.

A gift of the income from personal estate without limit as to time, is equivalent to a gift of the principal, and the rule applies whether the income be given directly or through the intervention of trustees. *Hawk. on Wills 123; Gulick* v. *Gulick, 12 C. E. Gr. 498.*

And a devise of the rents and profits or income of land is equivalent to a devise of the land itself. *Hawk. on Wills 120; Manners* v. *Manners, Spen. 142; Reed* v. *Reed, 9 Mass. 372.* But, as before remarked, the gift in this case is a gift of the property itself to the trustee for the children, with a subsequent expression of a wish on the part of the testatrix, of itself further clearly indicative of her intention (if such indication were needed), that the *corpus* of the fund should go to the children.

The two children were entitled to the property as tenants in common. The will provides that they are "to share and share alike." This provision has reference to the *corpus* as well as to

the income, and the words just quoted denote distinctness and a plurality of interests. *Hawk. on Wills 112 ; Post* v. *Herbert, 12 C. E. Gr. 540.*

The interest of Janet in the real property descended, on her death, to her son, and on his death (the inheritance having come to him by descent *ex parte materna*) it went, subject to his father's tenancy by the curtesy, to those who would have inherited it had he survived his father. *Rev. p. 297 § 3.*